# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Huihong Li,<br><br>               Petitioner,<br><br>v.<br><br>Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security; Ur Mendoza Jaddou, in her official capacity as Director, US Citizenship and Immigration Services; Tim Houghton, in his official capacity as Director, USCIS New York City District Office,<br><br>               Respondents. | **PETITION FOR WRIT OF MANDAMUS**<br><br>No. 1:21-cv-8554 |

## PETITION FOR A WRIT OF MANDAMUS

1. Petitioner hereby petition for a writ of mandamus to the United States Department of Homeland Security ("DHS"), US Citizenship and Immigration Services ("USCIS), and its subordinating application processing center to compel further action on petitioner's Form I-130, Petition for Alien Relative.

### JURISDICTION

2. This action arises under the United States Constitution and the statutes of the United States. This Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question).

3. The Court has authority to issue declaratory and injunctive relief under 28 U.S.C.

1

§2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and its inherent equitable powers.

4. Venue is proper in this district under 28 U.S.C. §1391 (e)(3).

## PARTIES

5. Petitioner is citizen of United States whose Form I-130, Petition for Alien Relative filed on behalf of her spouse Kedong Bao is currently pending with US CIS.

6. Respondent Alejandro Mayorkas is sued in his official capacity as Secretary of Department of Homeland Security ("DHS"). As Secretary of DHS, Mr. Mayorkas is responsible for the administration and enforcement of the immigration laws of the United States.

7. Respondent Ur Mendoza Jaddou is sued in her official capacity as Director of the United States Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). As Director of USCIS, Ms. Jaddou is responsible for overall administration of USCIS and the implementation of the immigration laws of the United States.

8. Respondent Tim Houghton is sued in his official capacity as Director of the USCIS New York City District Office. As Director of the New York City District Office, Mr. Houghton is responsible for the administration and adjudication of all immigration petitions and applications falling within its territorial jurisdiction.

## STATEMENT OIF FACTS

9. Petitioner is a citizen of the United States who filed a Form I-130, Petition for Alien Relative with the USCIS on October 18,2018, seeking to accord immigration benefit to her spouse Kedong Bao pursuant to section 201 B of the Immigration and

Nationality Act. The receipt number associated with this petition is SRC1990029913.

10. As of the date of filing the instant petition for a writ of mandamus, the USCIS has not acted on the I-130 petition filed in this matter, even after the passage of approximately three years.

### PETITIONER HAVE EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES

11. Petitioner to this date has contacted the USCIS repeatedly to inquire about the status of her immigration petition.

12. At the time of each inquiry, she was advised that his petition is being processed, and that she should contact the USCIS again if nothing happened in his cases within the next six months.

13. To this date petitioner has waited for almost three years for a final decision on his immigration petition.

14. Petitioner has no other administrative remedy by which she may seek the USCIS to more meaningfully address the delays in the processing of his I-130 petition.

### CAUSE OF ACTION

16. Petitioner repeats and re-alleges each and every factual allegation set forth above as if they are fully alleged herein.

17. Respondents have a duty to complete adjudication of petitioner's I-130 petition within a reasonable period.

18. Under the Administrative Procedures Act, codified as 5 U.S.C. § 555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the Administrative Procedure Act, 5 U.S.C. § 706 (a), the District Court is vested

with the authority to compel agency action which has been unlawfully or unreasonably withheld or delayed.

19. The agency's own regulation provides that the processing of a case may not be withheld except in cases in which "an investigation has been undertaken involving matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition . . ." 8 C.F.R. §103.2 (b)(8). If a case is validly withheld, it may not be withheld for more than a year. *Id.* If a case is withheld for more than a year, the district director must review the case and may grant only two six-month extensions where appropriate. *Id.* If the investigation is not completed by the second anniversary, the case must be referred to a regional commissioner. *Id.*

20. Petitioner has a clear right to seek the USCIS to accord immigration benefit to her spouse pursuant to section 201 B of the Immigration and Nationality Act.

21. Respondents in this case have unreasonably and/or unlawfully delayed in the processing of Petitioner's Form I-130 immigration petition filed for her spouse.

22. Respondent have no legitimate reasonable ground not to finish processing petitioner's immigration petition after the passage of almost three years, where the USCIS official website on processing time for Form I-130 in the category of petition filed for spouse of US citizen is about anywhere between 8 and 10.5 months. *See* US CIS Processing Time Information, available at: https://egov.uscis.gov/processing-times/

## PRAYER FOR RELEIF

WHEREFORE, Petitioner prays the Court to:

I. Issue a write of mandamus to compel Respondents to complete processing and adjudicating Petitioner's Form I-130 petition without further delay.

II. Declare that Respondents have a duty to complete processing of Petitioner's Form I-130, Petition for Alien Relative in a prompt manner without further unreasonably delay.

III. Declare that any further delay by the Respondents in processing Petitioner's immigration petition will be unlawful.

IV. Grant such other and further relief as the Court may deem proper and just.

Respectfully submitted,

Dated:  October 18, 2021
        New York, NY

/s/Zhen Liang Li_____
ZHEN LIANG LI, ESQ. (ZL 0305)
LAW OFFICE OF ZHEN LIANG LI
ATTORNEYS FOR PLAINTIFFS
39 East Broadway, Suite 304
New York, New York 10002
Tel: (212) 513-1583
Email: zhenlianglilaw@gmail.com