UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUIHONG LI,
                        Plaintiff,

-v-

ALEJANDRO MAYORKAS, *et al.*,
                      Defendants.

21-CV-8554 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action is dismissed without prejudice for failure to prosecute. On October 18, 2021, Petitioner Huihong Li sued Defendants Alejandro Majorkas, in his official capacity as Secretary of Homeland Security; Ur Mendoza Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services; and Tim Houghton, in his official capacity as Director of the USCIS New York District Office, seeking a writ of mandamus to compel action on Petitioner's outstanding Form I-130 Petition for Alien Relative. (*See* Dkt. No. 1 at ¶1.) The next day, on October 19, 2021, Petitioner and Petitioners' attorney were alerted to deficiencies in their filing via ECF message and invited to cure the deficits in their pleading. (*See* Dkt. No. 2). About ten months later on August 8, 2022, the Court issued a text-order reminding Petitioner's counsel to correct the deficiency in in the Petition and instructing Petitioner to file a Status Letter with the Court on or before August 29, 2022. Since filing in October 2021, however, Plaintiff has not appeared.

      Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst,*

*Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay."  *Lesane*, 239 F.3d at 210.  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *Id.* at 209.

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 5, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge